NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

---------------------------------------------------------------X
In re:

Stephanie J. Kenney

        Debtor.

---------------------------------------------------------------X
Michael Stollenwerk

        Plaintiff

vs.

Stephanie J. Kenney

        Defendant.

---------------------------------------------------------------X

Bankruptcy Case No. 18-30669

Chapter 7

Adversary No. 19-1022

**MEMORANDUM OPINION**

## APPEARANCES

Attorney for Plaintiff
Mark Rhoades, Esquire
Rhoades LLC
1812 Berlin Road
Cherry Hill, NJ 08003

Attorney for Defendant
Andre L. Kydala, Esquire
12 Lower Center Street
PO Box 5537
Clinton, NJ 08809

On January 14, 2019, Michael Stollenwerk filed a complaint styled Complaint to Determine Dischargeability of a Debt and Denial of Discharge. The complaint was inconsistent in its citation to Code sections. In the opening paragraph, it states that it is pursuant to 11 U.S.C. § 727(a)(2)(A) and (2) [sic] and 11 U.S.C. § 523(a)(2)(A). The title of Count II states that it is pursuant to § 523(a)(6) but paragraph 34 of that count states that it is pursuant to § 523(a)(2)(B). In his Proposed Findings of Fact and Conclusions of Law[1] the Plaintiff seeks a finding that the Debtor is not entitled to a discharge pursuant to § 727(a)(2)(A) and § 727(a)(4)[2]. Based on the evidence that was presented at trial and the Plaintiff's Proposed Findings of Fact and Conclusions of Law, the court finds that the Plaintiff has abandoned any causes of action based on § 523. This opinion will address only Count I of the Complaint based on 11 U.S.C. § 727(a)(2)(A).

The underlying dispute arose from a landlord-tenant relationship. Mr. Stollenwerk rented space for his business from Ms. Kenney, but things went awry and litigation ensued. Ultimately, a final judgment in the amount of $32,744.45 was entered against Ms. Kenney and in favor of Mr. Stollenwerk on his counter-claim. During the course of the state court litigation, Ms. Kenney transferred the ownership of the property at 24-26 Bridge St. in Frenchtown from herself to World Upcycle, LLC for $1 consideration. Ms. Kenney is the sole owner of World Upcycle, LLC. The transfer happened within one year of her bankruptcy filing.

From the allegations in the complaint, this presented as one of the rare cases in which a debtor admits to fraudulent intent. The complaint alleged that: "[d]uring her testimony at the trial resulting in the Final Judgment, the Debtor volunteered, under oath, that she had transferred her

---

[1] Doc. 27
[2] Neither a citation to § 727(a)(4) nor the substance of that Code section appear anywhere in the Complaint. Plaintiff did not seek to amend the complaint to include a count based on § 727(a)(4) either before or after trial as permitted by Federal Rule of Civil Procedure 7015.

largest asset – the real estate located at 24-26 Bridge Street, Frenchtown, New Jersey ("the Real Estate") – into the Debtor's LLC … because she was concerned about the potential results of litigation between her and Stollenwerk."[3] Mr. Stollenwerk did not submit a transcript of the state court proceeding as an exhibit at trial. Ms. Kenney denied those allegations in her Answer.[4] At trial, Ms. Kenney denied a specific intent to defraud Mr. Stollenwerk; rather, she testified that the transfer of the property into the LLC was to avoid collection efforts from future potential lawsuits but not the one with Mr. Stollenwerk that was pending at the time of the transfer.

An individual debtor will be granted a discharge in bankruptcy unless one of the specified exceptions in section 727 applies. Recognizing that a complete denial of discharge is a draconian result, courts liberally construe section 727 in favor of debtors.[5] The burden of proving a claim under section 727 by a preponderance of the evidence rests with the party objecting to discharge.[6]

Without direct evidence of the Debtor's intent, such as the state court transcript or an admission, Mr. Stollenwerk has the initial burden of establishing the requisite intent.[7] Unless that burden is met, no burden switches to the debtor to establish her lack of fraudulent intent.[8] To establish the intent required under 11 U.S.C. § 727(a)(2), the plaintiff must show that the debtor had an actual, specific intent to hinder, delay or defraud a creditor within the one year preceding the bankruptcy filing.[9] Courts may base a finding of intent to defraud on circumstantial evidence

---

[3] Complaint [Doc. 1] at ¶ 17, 18
[4] Answer [Doc. 7] at ¶ 17, 18
[5] *Rosen v. Bezner,* 996 F.2d 1527, 1531 (3d Cir. 1993) ("Completely denying a debtor his discharge, as opposed to avoiding a transfer or declining to discharge an individual debt pursuant to § 523, is an extreme step and should not be taken lightly.")
[6] *Grogan v. Garner*, 498 U.S. 279 (1991); *Graham v. IRS*, 973 F.2d 1089 (3d Cir. 1992)
[7] *Meridian Bank v. Alten*, 958 F.2d 1226 (3d Cir. 1992)
[8] Mr. Stollenwerk asserts that the Debtor's testimony at trial was not credible; however, the Debtor's credibility does not come into play unless the Plaintiff has met his initial burden.
[9] *Rosen,* 996 F.2d at 1531; *In re Burke,* 523 B.R. 765, 769 (Bankr. E.D. Pa. 2015)

and inferences drawn from the debtor's course of conduct.[10] Circumstantial evidence of intent to defraud is often referred to as "badges of fraud." Of the traditional badges of fraud, the primary one most courts look for is the secrecy of the conveyance; a badge notably absent here. The Plaintiff himself in his Proposed Findings notes that the Debtor "volunteered" the information that she transferred her real estate located at 24-26 Bridge St. in Frenchtown into her LLC.[11] The voluntary nature of the Debtor's disclosure is crucial. Had that information come to light while Mr. Stollenwerk was attempting to collect on his debt, it would paint an entirely different picture of the Debtor's intent. Ms. Kenney's voluntary disclosure strongly counsels against a finding of intent to defraud. Overall, the testimony at trial paints a picture of an ill-informed individual acting on questionable legal assumptions, rather than a perpetrator of a fraud.

The record is devoid of any evidence that the transfer was an impediment to collecting the debt. In the six months between Ms. Kenney's disclosure of the transfer and her bankruptcy filing, the Plaintiff did not attempt to execute on the real or personal assets of Ms. Kenney. At best, the fully disclosed transfer of the property from Ms. Kenney to her LLC, had she chosen to raise it as a defense to Mr. Stollenwerk's collection efforts, would have only hindered or delayed him because he could have sought to set it aside as a constructive fraudulent transfer or to declare the LLC an alter ego of Ms. Kenney. Although the language of § 727(a)(2)(A) is written in the disjunctive, the phrase "hinder, delay, or defraud creditors" has a specialized meaning in the law. The phrase has its origin in sixteenth century Elizabeth law and has carried forth its meaning into modern common law.[12] Given the phrase's pedigree, this court agrees with those

---

[10] *In re Burke,* 523 B.R. at 769; *In re Young*, 576 B.R. 807, 812 (Bankr. E.D. Pa. 2017)
[11] Plaintiff's Proposed Finding of Fact and Conclusions of Law [Doc. 27] at para. 10
[12] *In re Wise*, 590 B.R. 401, 432 (Bankr. E.D. Mich. 2018)

4

courts that find that § 727(a)(2)(A) requires a fraudulent intent. The historical common understanding of the phrase in fraudulent conveyance law is that actual fraud must be involved - a simple desire to delay or hinder is not enough.[13]

The court finds that the Plaintiff has failed to prove by a preponderance of the evidence that the Defendant transferred her interest in real property to an LLC with a specific intent to defraud the Plaintiff. Judgment in favor of the Defendant. Defendant's counsel should submit an order in accordance with this opinion.

                                                */s/ Kathryn C. Ferguson*
                                                KATHRYN C. FERGUSON
                                                United States Bankruptcy Judge

Dated: May 7, 2020

---

[13] *Los Alamos Nat'l Bank v. Wreyford* (*In re Wreyford*), 505 B.R. 47 (Bankr. D.N.M. 2014); *See also, Marine Midland Bus. Loans, Inc. v. Carey* (*In re Carey*), 938 F.2d 1073, 1077 (10th Cir. 1991) ("To deny a discharge under § 727(a)(2), a court must find actual intent to defraud creditors.")